IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

SHANNON KNAPP, Individually and as     *
Parent and Natural Guardian of Aaron Ryan     *
Traylor, A Minor; JULIE LEWIS, and     *
DONALD KNAPP, JR.,     *
    *
         Plaintiffs,     *
    *
vs.     *    No. 2:06CV00172 SWW
    *
LARRY FOOSHEE and ASHLEY     *
FURNITURE INDUSTRIES, INC.,     *
    *
         Defendants.     *

**Memorandum Opinion and Order**

Plaintiffs bring this negligence action against defendants for injuries they suffered in an automobile accident on or about June 13, 2006. They filed the action in state court on July 13, 2006, and defendants removed it to federal court on July 27, 2006. Now before the Court is defendants' motion for a change of venue to which plaintiffs responded. For the reasons stated below, the Court finds that the motion should be denied.

Plaintiffs filed this action in the Circuit Court of Phillips County, Arkansas. Based on complete diversity and plaintiffs' demand in excess of the amount required for jurisdiction, defendants removed the action to the United States District Court, Eastern (Helena) Division of the Eastern District of Arkansas. Defendants now request transfer to the Western (Little Rock) Division, asserting that the events that make up the basis of the allegations all occurred in Pulaski County,

which is located in the Western Division. Defendants also say witnesses to the accident as well as plaintiffs' medical care providers are located in the Western Division.

Plaintiffs object to a transfer for the following reasons: they reside in Phillips County, which is located in the Eastern Division; they are undergoing medical treatment in Helena and in Memphis, Tennessee, and the Eastern Division is more convenient for those medical personnel who will be witnesses; their counsel is located in Helena; Sharon and Donald Knapp live in Helena; and their minor son, plaintiff Aaron Ryan Taylor is in school in Helena.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The defendant bears the burden of proving that the alternative forum is more convenient than the forum chosen by the plaintiffs. *See Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964). The "balance of convenience" factors include (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the location where the conduct complained of occurred. *Terra Int'l, Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 696 (8th Cir. 1997). The "balance of justice" factors pertinent to this case include the plaintiff's choice of forum and the comparative costs to the parties of litigating in each forum. *See also Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879-80 (3rd Cir. 1995). The plaintiff's choice of forum is entitled to deference, especially when the plaintiff resides in the chosen forum. *See Houk v. Kimberly-Clark Corp.*, 613 F. Supp. 923, 927 (W.D. Ark. 1973). Merely shifting the inconvenience from one side to the other is not a permissible reason for a change of venue. *See Terra Int'l, Inc.,* 199 F.3d at 694-95.

After considering the relevant factors under § 1404(a), the Court finds that neither the "convenience" factors nor the "interest of justice" factors weigh in favor of a transfer. Plaintiffs

reside in the Eastern Division, their attorney is in the Eastern Division, and other potential witnesses are in the Eastern Division or close to it.  Because defendants failed to carry their burden, the Court hereby denies the motion to transfer [docket entry 7].

SO ORDERED this 17th day of August 2006.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE